## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DATANYA DAMON ALEXANDER, | ) | |
| ID # 56243-177, | ) | |
| Movant, | ) | |
| | ) | **No. 3:20-CV-1340-L-BH** |
| vs. | ) | **No. 3:17-CR-437-L(1)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 22, 2020 (doc. 1), should be **DENIED** with prejudice.

## I.    BACKGROUND

Datanya Damon Alexander (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-437-L(1).  The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

On August 30, 2017, Movant was charged by indictment with two counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (*See* doc. 1.)[2]  He pled guilty to both counts of the indictment on February 22, 2018.  (*See* doc. 22.)  In support of his plea, he submitted a factual resume that set out the elements of a violation of § 922(g)(1) as charged in both counts; it also stated that Movant disagreed that he was subject to the enhanced penalties under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and set out the maximum

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-437-L(1).

penalties for the charged offenses if Movant had at least three qualifying prior convictions under ACCA, and the maximum penalties if he did not have qualifying prior convictions. (*See* doc. 20 at 1-3.)[3] In the factual resume, Movant also agreed that he understood his rights to plead not guilty, to have a speedy trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself; he waived these rights and pled guilty to violating § 922(g)(1) as charged in both counts. (*See id.* at 3-4.) Movant had discussed the federal sentencing guidelines with counsel, and he understood his sentence would be imposed by the Court after consideration of the applicable statutes, and the non-binding sentencing guidelines and sentencing factors under 18 U.S.C. § 3553(a). (*See id.* at 3.) He also agreed that he understood the nature and elements of the offenses to which he was pleading guilty, and that the stipulated facts in the factual resume were true and would be submitted as evidence. (*See id.* at 4.)

At his re-arraignment on February 22, 2018, Movant acknowledged under oath that he had read and discussed the factual resume with counsel, understood the stipulated facts which he affirmed were true and correct, and had committed each of the essential elements of the charged offenses. (*See* doc. 46 at 9-10, 13.) Movant was advised and understood that by pleading guilty, he was subjecting himself on each count to a minimum and maximum period of imprisonment of 15 years to life, a term of supervised release, forfeiture of property, and other monetary costs and penalties if he had at least three prior convictions that qualified under ACCA; if not, he was subjecting himself to a maximum period of imprisonment of 10 years, a term of supervised release, forfeiture of property, and other monetary costs and penalties. (*See id.* at 11-12.) He was also advised that the sentencing guidelines were advisory and the Court was not required to follow

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

them, and he affirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case; he understood that he should not depend or rely on any statement, including by counsel, as to some exact sentence he would receive because only the Court could make that decision. (*See id.* at 6-7.) He also understood that the Court alone would determine his sentence after consideration of the sentencing guidelines, possible departures from the guidelines and other sentencing factors, a Presentence Investigation Report (PSR) that could include facts not contained in his factual resume or exclude facts that were recited there, any objections to the PSR, and evidence presented at the sentencing hearing. (*See id.* at 7-8.) He understood that if his sentence was more severe than he expected, he would still be bound by his guilty plea. (*See id.* at 12.) Movant pled guilty to both counts, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 12-14; docs. 25, 27.)

On June 1, 2018, the United States Probation Office (USPO) prepared a PSR in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 29-1 at ¶ 22.) The PSR grouped the two counts together and calculated a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6). (*See id.* at ¶¶ 24-25.) Four total levels were added because of the number of firearms possessed and because one of the firearms was stolen, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 15. (*See id.* at ¶¶ 26-27, 33-35.) In documenting Movant's criminal history, the PSR included two prior state convictions for manufacture/delivery of a controlled substance. (*See id.* at ¶¶ 51-52.) Based on a total offense level of 15 and a criminal history category of VI, the resulting guideline imprisonment range was 41 to 51 months. (*See id.* at ¶ 116.)

On June 12, 2018, the Government objected to the PSR on the ground that it failed to reflect that Movant was an armed career criminal under ACCA based on his two prior state convictions

for "unlawful delivery of a controlled substance, to wit: cocaine," which were documented in the PSR as convictions for manufacture/delivery of a controlled substance, and a third state conviction for "unlawful delivery of a controlled substance, to wit: cocaine," that was not documented in the PSR. (doc. 30 at 1-2; *see also* doc. 29-1 at ¶¶ 51-52.) The USPO submitted an addendum to the PSR on June 22, 2018, in which it accepted the Government's objection that Movant qualified as an armed career criminal under ACCA. (*See* doc. 31-1.) Based on the acceptance of the Government's objection, the addendum applied the armed career criminal provision under U.S.S.G. § 4B1.4 to calculate an offense level of 33, from which three levels were deducted for acceptance of responsibility, resulting in a new total offense level of 30. (*See id.* at ¶¶ 32, 35.) Based on a new total offense level of 30 and a criminal history category of VI, the new guideline imprisonment range was 168 to 210 months. (*See id.* at ¶ 116.) Because he was subject to the ACCA sentence enhancement, however, the statutory range of imprisonment for each count was 15 years to life, the minimum of which was greater than the minimum of the new guideline range. (*See id.* at ¶¶ 115-16.) Therefore, the applicable guideline imprisonment range became 180 to 210 months. (*See id.* at ¶ 116.)

On August 17, 2018, Movant objected to the addendum's conclusion that he qualified for the ACCA sentence enhancement on the bases that the predicate offenses for the enhancement were not charged in the indictment and proven beyond a reasonable doubt, and they did not qualify as serious drug offenses for purposes of the enhancement. (*See* doc. 34.) He acknowledged, however, that his arguments were foreclosed by current law. (*See id.*) The Government filed a response to Movant's objections on August 30, 2018. (*See* doc. 35.)

At the sentencing hearing on September 19, 2018, Movant preserved his objections to the ACCA sentence enhancement and acknowledged that his objections were foreclosed by existing

law.  (*See* doc. 49 at 4-8.)   Movant's objections were overruled and the ACCA sentence enhancement was applied.  (*See id.* at 6, 9-10.)  By judgment dated September 20, 2018, Movant was sentenced to total terms of 180 months' imprisonment as to both counts, to be followed by a three-year term of supervised release.  (*See* doc. 40 at 1-3.)

On appeal to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit), Movant argued that "(1) his three Texas convictions for delivery of a controlled substance are not serious drug offenses for purposes of the [ACCA] enhancement. . . , and (2) his indictment did not specify the prior convictions that formed the basis of his sentencing enhancement and he did not admit the facts affecting the range of imprisonment, making his sentences unconstitutional." *United States v. Alexander*, 776 F. App'x 860, 861 (5th Cir. 2019).  Because his arguments were foreclosed by existing Fifth Circuit precedent, the Government's motion for summary affirmance was granted and the judgment was affirmed on September 9, 2019.  *See id.*  The Supreme Court denied his petition for a writ of certiorari on March 23, 2020.  *See Alexander v. United States*, 140 S. Ct. 2520 (2020).

## B.    <u>Substantive Claim</u>

Movant asserts one ground for relief in his § 2255 motion: "[Movant] is serving an illegal sentence due to the fact that the mandatory minimum applied by way of the ACCA exceeds the statutory maximum sentence (10 yrs) and [Movant's] maximum Guideline range of 51 months had the ACCA enhancement not been applied."   (No. 3:20-CV-1340-L-BH, doc. 1 at 7.)   The Government filed a response on June 8, 2020.  (*See id.*, doc. 6.)  Movant filed a reply on July 28, 2020, and a second one on September 22, 2020.  (*See id.*, docs. 7-8.)  On September 30, 2022, Movant filed a third reply, styled as a motion, in which he appears to allege new claims and additional argument.  (*See id.*, doc. 9.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments."  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.    CLAIMS RAISED ON DIRECT APPEAL

In the only ground raised in the § 2255 motion, Movant contends that his sentence is illegal because "the mandatory minimum applied by way of the ACCA exceeds the statutory maximum sentence (10 yrs) and [Movant's] maximum Guideline range of 51 months had the ACCA enhancement not been applied." (No. 3:20-CV-1340-L-BH, doc. 1 at 7.)  He argues that he "should not have received an enhanced sentence under the ACCA because an error was made when

6

considering [Movant's] prior convictions. This error in the interpretation of the language in both State and Federal statutes is what lead [sic] to [Movant's] unlawful enhanced sentence[.]" (*Id.*) He claims that "the Texas state prior convictions do not qualify for enhancement." (*Id.*)

Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). On direct appeal, the Fifth Circuit considered and rejected Movant's arguments that his ACCA-enhanced sentence exceeded the statutory maximum and that his prior state convictions were not qualifying serious drug offenses for purposes of ACCA. *See* Initial Brief of Appellant at 10-18, *Alexander*, 776 F. App'x 860 (No. 18-11239), 2019 WL 1084088, at *4-12. To the extent he raises the same arguments here, Movant is not entitled to habeas relief on this basis, and the claim should be denied.

## IV.    ACCA SENTENCE

In his brief in support of the § 2255 motion, Movant appears to challenge his ACCA sentence based on the Supreme Court's subsequent decision in *Shular v. United States*, 140 S. Ct. 779 (2020), which was decided while his certiorari petition was pending. (*See* No. 3:20-CV-1340-L-BH, doc. 2 at 4-10; *id.*, doc. 7 at 3-4.) He contends that "[a]fter the Supreme Court's opinion in *Shular*, it cannot justifiably be said that Texas delivery [of a controlled substance] constitutes a 'serious drug offense'" under ACCA. (*Id.*, doc. 2 at 6.) He argues that "the Supreme Court's opinion in *Shular* defining what a 'serious drug offense' means is the law of the land now and this excludes [Movant's] prior Texas state convictions for 'delivery of a controlled substance' from

being used to enhance his sentence under the ACCA." (*Id.*, doc. 2 at 9.) Even if liberally construed for purposes of this motion only to assert a ground for habeas relief distinct from those raised and rejected on direct appeal, the claim fails.

Under ACCA, a defendant convicted of an offense under § 922(g)(1), like Movant, is subject to a mandatory minimum sentence of 15 years' imprisonment "if the offender's prior criminal record includes at least three convictions for 'violent felon[ies]' or 'serious drug offense[s].'" *United States v. Barlow*, 17 F.4th 599, 602 (5th Cir. 2021) (quoting 18 U.S.C. § 924(e)(1)). "A state offense counts as a 'serious drug offense' only if it 'involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance' and is punishable by a sentence of ten years or more." *Id.* (quoting 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense")). In *Shular*, the Supreme Court held that ACCA's definition of a "'serious drug offense'. . . requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." 140 S. Ct. at 782. Post-*Shular*, the Fifth Circuit has recognized that "*Shular* broadens the understanding of a 'serious drug offense' by focusing on the underlying *conduct*." *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020) (emphasis in original).

Here, Movant's ACCA sentence is predicated on three prior state convictions for unlawful delivery of a controlled substance, which is prohibited under § 481.112(a) of the Texas Health and Safety Code.[4] (*See* doc. 30-1; doc. 31-1 at ¶¶ 15, 32.) The Fifth Circuit holds that "[a] conviction under Section 481.112(a) qualifies for the ACCA enhancement under § 924(e)." *United States v. Cain*, 877 F.3d 562, 562 (5th Cir. 2017); *see also United States v. Vickers*, 540 F.3d 356, 363-66

---

[4] Under § 481.112(a), "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance in Penalty Group 1," which includes cocaine. Tex. Health & Safety Code § 481.112(a); *see also* Tex. Health & Safety Code 481.102(3)(D) (listing cocaine in Penalty Group 1).

(5th Cir. 2008).  This remains the state of the law in the Fifth Circuit post-*Shular*, and the Fifth Circuit has expressly rejected Movant's argument that *Shular* overruled *Vickers*.  *See United States v. Clark*, 49 F.4th 889, 893 (5th Cir. 2022) (stating that "our court has expressly rejected [the defendant's] argument that *Shular* consequently abrogated *Vicker*'s holding," and citing *Prentice*, 956 F.3d at 300); *Prentice*, 956 F.3d at 299 ("*Shular* altered the rationale underlying *Vickers*, but not its result.").

Because Movant's three prior state convictions for delivery of a controlled substance qualify as serious drug offenses under the ACCA, both before and after *Shular*, his claim is without merit, and it should be denied.[5]

## V.    OTHER CLAIMS

For the first time in a reply received on September 30, 2022, Movant contends that he is, his counsel rendered ineffective assistance, his guilty plea was involuntary, and he is actually innocent of the offenses of conviction.  (*See* No. 3:20-CV-1340-L-BH, doc. 9 at 2-8.)

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to § 2255 "specify all the grounds for relief available to the moving party."  A movant may amend a § 2255 motion in accordance with Fed. R. Civ. P.

---

[5] Movant also appears to rely on *Mathis v. United States*, 579 U.S. 500 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by*, 854 F.3d 284 (5th Cir. 2017) (overturning *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007)), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  (*See* No. 3:20-CV-1340-L-BH, doc. 2 at 7-9; *id.*, doc. 7 at 1-2.)  In *Mathis*, the Supreme Court "clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws." *Long-Rockey v. United States*, No. 3:17-cv-853-B-BK, 2019 WL 1793142, at *1 (N.D. Tex. Apr. 2, 2019).  Relying on *Mathis*, the Fifth Circuit held that the Texas crimes of delivery of a controlled substance and possession with intent to deliver a controlled substance do not count as "controlled substance offenses" for purposes of the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1(a).  *See Tanksley*, 848 F.3d at 352; *Hinkle*, 832 F.3d 569 at 571, 576-77.  Movant's sentence was not enhanced under the career offender provision of § 4B1.1(a), however, so the holdings of *Tanksley* and *Hinkle* are inapplicable.  Movant's guideline sentence was enhanced under the provision implementing ACCA, § 4B1.4, which "applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e)."  U.S.S.G. § 4B1.4 cmt. n.1. Movant was subject to an enhanced sentence under §924(e) based his three qualifying serious drug offenses, as discussed.  Accordingly, his reliance on *Mathis*, *Tanksley*, and *Hinkle* does not merit § 2255 relief, and his claim should be denied on this additional basis.

15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). New claims raised for the first time in a reply brief need not be considered, however. *See Cervantes*, 132 F.3d at 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response); *Brown v. United States*, No. 3:14-CV-4031-D (BH), 2016 WL 7187450, at *6 (N.D. Tex. Nov. 7, 2016). Accordingly, the Court may decline to consider Movant's new claims asserted for the first time in his third reply. Even assuming for purposes of this motion only that these claims were properly raised in his § 2255 filings and are not time-barred,[6] however, his claims still fail.

## A.     Ineffective Assistance of Counsel

Movant contends that his trial and appellate "counsel failed to do any meaningful research, or to even devote any serious thought as to how [Movant's] conduct did not qualify him as a [sic] Armed Career Criminal under the ACCA statute." (No. 3:20-CV-1340-L-BH, doc. 9 at 6.) He claims that "[t]his lack of understanding and failure to research on counsel's part was not confined to these examples but continued throughout his representation of [Movant;] while a single isolated error or even several may not amount to ineffective assistance, when counsel continues to evince abject and consistent ignorance of the very statute he advised his client to plead guilty to, then there can be no question as to his ineffectiveness." (*Id.*, doc. 9 at 6-7.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective

---

[6] The claims were raised for the first time in his September 2022 reply, which was filed over one year after his conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214. Because the limitations issue is not jurisdictional, however, courts may bypass it and proceed to the merits of a habeas action. *See, e.g.*, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Lucey*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have

prevailed on his appeal.  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Here, Movant's allegations of ineffective assistance of counsel are refuted by the record, which shows that counsel challenged the applicability of the ACCA sentence enhancement with legal arguments and authorities throughout the criminal proceedings and on appeal. Trial counsel filed a factual resume denying the applicability of ACCA to the charged offenses, objected to the PSR addendum on the grounds that Movant's three prior state convictions for delivery of a controlled substance were not qualifying serious drug offenses for purposes of ACCA, and raised and preserved the same objections at sentencing; on appeal, appellate counsel again argued that the ACCA sentence enhancement should not apply and that Movant's prior state convictions were not qualifying serious drug offenses.  (*See* doc. 20 at 2; doc. 34; doc. 29 at 4-8); *Alexander*, 776 F. App'x at 861.

Aside from conclusory allegations, Movant appears to contend that counsel should have

12

raised the arguments addressed in *United States v. Jackson*, 36 F.4th 1294, 2022 WL 2080280 (11th Cir. 2022), *superseded by*, 55 F.4th 846 (11th Cir. 2022).  (*See* No. 3:20-CV-1340-L-BH, doc. 9 at 4-8.)  Notwithstanding that the *Jackson* decision on which Movant relies was issued over four years after his conviction and sentence and is not binding in this circuit, the holding was superseded by a subsequent opinion that affirmed the defendant's ACCA-enhanced sentence.  *See Jackson*, 55 F.4th at 861-62 (holding that the defendant's predicate offenses for sale of cocaine and possession with intent to sell cocaine qualified as serious drug offenses under ACCA).  As discussed, and consistent with the superseding *Jackson* decision, Movant's prior state convictions are qualifying serious drug offenses under ACCA.  Because counsel is not deficient for failing to raise a meritless argument, and conclusory allegations are insufficient to show deficient performance, Movant fails to satisfy the first prong of *Strickland.  See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel is not deficient for failing to raise a meritless argument); *Phillips*, 210 F.3d at 348 (holding that counsel is not deficient for failing to present meritless claims on appeal).

Additionally, Movant fails to show a reasonable probability that the result of the proceeding would have been different or that his appeal would have been successful absent trial and appellate counsel's alleged deficiencies in challenging his ACCA-enhanced sentence.  His conclusory allegation that counsel's alleged errors "did indeed prejudice him" is insufficient to show resulting prejudice under *Strickland*.  (No. 3:20-CV-1340-L-BH, doc. 9 at 6); *see also Miller* 200 F.3d at 282; *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018) ("Prejudice does not result from appellate counsel's failure to assert meritless claims

or arguments.") (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).  Movant has failed to satisfy both *Strickland* prongs, and he is therefore not entitled to § 2255 relief on this claim.  The claim should be denied.

## B.    Involuntary Plea

Movant contends that because of counsel's alleged ineffectiveness, "it was impossible for [him] to 'knowingly' and 'intelligently' decide to plead guilty when he was erroneously notified of the charges against him."  (No. 3:20-CV-1340-L-BH, doc. 9 at 7.)

A plea of guilty waives a number of constitutional rights.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"  *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748).  A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."  *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)) (internal quotation marks omitted).  In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and

14

intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced

to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant's factual resume, the Court's questioning at his re-arraignment, and his responses under oath demonstrate that he knew at the time he pled guilty that he was subject to a minimum and maximum period of imprisonment of 15 years to life on each count if he had at least three prior convictions that qualified under ACCA; that he should not depend or rely on any statement by anyone, including counsel, as to some exact sentence he would receive; that the sentencing guidelines were advisory and not binding; and that the Court alone would determine his sentence after consideration of the sentencing guidelines, possible departures from the guidelines and other sentencing factors, a PSR and any objections thereto, and evidence presented at the sentencing hearing. (*See* doc. 20 at 2-3; doc. 46 at 6-8, 11-12.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "official records are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge*, 431 U.S. at 74. His contemporaneous factual resume and sworn statements before the Court contradict his

16

allegations that his guilty plea was not knowingly and intelligently made because he was erroneously notified of the charges against him by counsel. *See, e.g.*, *Lopez v. United States*, Nos. 3:06-CV-2342-N, 3:04-CR-0043-N (01), 2008 WL 3381759, at \*6 (N.D. Tex. Aug. 5, 2008) ("That movant 'neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel.'") (quoting *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001)).

Movant has not shown that his guilty plea was involuntary or that he was unaware of the consequences of pleading guilty. He is not entitled to relief on this claim, and it should be denied.

## C.    <u>Actual Innocence</u>

Movant also contends that he is actually innocent of the offenses of conviction. (*See* No. 3:20-CV-1340-L-BH, doc. 9 at 2-3. 8.)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). Even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

Movant has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Regarding § 922(g)(1), Movant admitted in his factual resume that he knowingly and unlawfully possessed a firearm after having been previously convicted of a felony, and he offers no facts or evidence disputing his admissions. (*See* doc. 20 at 4-5.) Regarding his ACCA sentence enhancement, he does not

challenge the three state convictions upon which the enhancement is predicated; instead, he again argues that they do not qualify as serious drug offenses under ACCA. (*See* No. 3:20-CV-1340-L-BH, doc. 9 at 4-6, 8.) Beyond conclusory allegations, which are insufficient to warrant § 2255 relief, Movant does not present any facts or evidence showing that he is factually innocent of the conduct underlying his § 922(g)(1) offenses or the ACCA enhancement. Further, he alleges "mere legal insufficiency," which is insufficient to establish actual innocence. *Jones*, 172 F.3d at 384. Movant has not demonstrated that he is entitled to § 2255 relief, and the claim should be denied.

## VI.    EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See id.* at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.    RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 22, 2020 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 22nd day of May, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE