IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DATANYA DAMON ALEXANDER,** **ID** #56243-177, § § § | |
| Movant, § § | Civil Action No. **3:20-CV-1340-L-BH** Criminal Action No. 3:17-cr-0437-L(1) |
| v. § § | |
| **UNITED STATES OF AMERICA**, § § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered on May 22, 2023, recommending that the court deny with prejudice Movant Datanya Damon Alexander's ("Movant") motion for habeas relief ("Motion"), brought pursuant to 28 U.S.C. § 2255, and dismiss this action. In his Motion, as his sole ground for relief, Movant argued that the sentencing court wrongly applied the Armed Career Criminal Act ("ACCA"), 18 U.S.C.§ 924(e), at sentencing because his Texas state convictions do not qualify as predicate offenses. After the Government filed its Response, Movant filed three separate reply briefs. In his third reply brief, he asserts new grounds for relief, which the Report addressed on the merits, despite the fatally improper procedure in the presentation of his claims. Doc. 11 at 9-10.

Movant filed Objections to the Report on June 14, 2023 ("Objections") (Doc. 12), one week past the 14-day period permitted. Fed. R. Civ. P. 72(b). Because Movant is incarcerated and proceeding pro se, the court will give Movant the benefit of the doubt and consider his objections as timely filed. *See* Rules Governing Section 2255 Proceedings for the United States District Courts Rule 3(d) ("A paper filed by an inmate confined in his institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

**Memorandum Opinion and Order – Page 1**

I.   **Enhanced Sentence Under the ACCA**

First, the Report concluded that Movant's argument that the sentencing court improperly applied the ACCA was raised on direct appeal and thus, this grounds for relief is barred. As for his argument that the recent Supreme Court decision in *Shular v. United States*, 140 S. Ct. 779 (2020), redefined what a "serious drug offense" means under the ACCA, and therefore excludes his prior state convictions, such argument is equally incorrect. The Report cites Fifth Circuit caselaw that expressly rejects granting relief on these grounds. *United States v. Clark*, 49 F.4th 889, 893 (5th Cir. 2022).

In his Objections, Movant alleges that the Report incorrectly concluded that he may not collaterally attack his convictions because he raised the same grounds on direct appeal. Doc. 12 at 1-2. He cites *Taylor v. United States*, 495 U.S. 575 (1990), as prohibiting a defendant from receiving an enhanced sentence merely because of a label attached to the crime. *Id*. at 2. Rather, he contends that the court may apply an enhancement under the ACCA when a defendant satisfies the elements of the offense. *Id*. He argues that the Report's reliance on USSG §4B1.4, commentary note 1, is error because it does not consider the elements of 18 U.S.C. § 924(e). *Id*. at 4. He urges the court to find that a "violent felony" and "serious drug offense" are not within the definition of a "crime of violence." *Id*.

Movant fails to show the Report is in error by citing controlling caselaw precedent or alleging new facts. He repeats much of his same argument he raised on direct appeal and in his Motion that the Report properly found is barred in this action. As for Movant's reliance on *Taylor*'s prohibition on categorical crimes, the court notes that he was found guilty of the charged offense by pleading guilty to the elements of the crime, and the sentencing court properly followed Fifth Circuit precedent to find that his previous drug offenses qualified as predicate offences under the

**Memorandum Opinion and Order – Page 2**

ACCA. Movant appears to argue that because the Report does not mention the prohibition on categorical labels, it accepted a categorical label to identify him as eligible for the ACCA sentencing enhancement, but he does not show that illegal labeling actually occurred. For these reasons, the court **overrules** this objection.

Movant also objects to the Report's finding that his Motion asserts the same ACCA argument as his direct appeal. He contends that his Motion presents a new, distinct ACCA claim because he also included a claim for ineffective assistance of counsel related to his original ACCA argument. *Id*. at 17. Here again, Movant points to no controlling law or new facts that renders the Report's finding incorrect. Moreover, his argument that the ACCA was improperly applied to him does not evolve into a new and distinct issue when coupled with a claim that his counsel was ineffective in arguing that the ACCA was improperly applied to him. These two claims are inextricably intertwined. Accordingly, the court **overrules** this objection.

## II.     Movant's Claims Raised in his Third Reply Brief

The Report found that Movant's new grounds for relief brought in his third reply brief need not be considered because Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to § 2255 specify all the grounds for relief available to the moving party. Despite this fatal procedural defect, the magistrate judge considered the merits of his newly asserted grounds for relief: (1) ineffective assistance of counsel; (2) involuntary guilty plea; and (3) factual innocent.

Movant objects to the Report's finding that his newly raised claims were procedurally defective. Doc. 12 at 18. He contends that because he cites *United States v. Jackson*, 36 F. 4th 1294 (11th Cir. 2022), he has provided new caselaw and therefore his replies that present new claims are proper. *Id*. As the Report properly points out, however, a change in the law from the

**Memorandum Opinion and Order – Page 3**

Eleventh Circuit does not constitute a change in applicable law of the Fifth Circuit, as that case is not binding precedent on this court. Therefore, Movant's new claims are improperly brought outside of his Motion. Accordingly, the court **overrules** this objection.

### A. Ineffective Assistance of Counsel

In his reply briefs, Movant contends that his trial and appellate counsel failed to conduct research or devote "serious thought" to his argument that he did not qualify for the ACCA sentencing enhancement. He appears to argue that counsel should have raised specific arguments, based on caselaw from other circuits. Applying the two-part test in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Report concluded that Movant failed to satisfy the first prong of showing unreasonably deficient representation. His allegations were refuted by the record, which documented that his counsel challenged the applicability of the ACCA throughout his criminal proceedings and on appeal. Further, counsel is not ineffective for not making meritless arguments. For these reasons, the Report recommends the court deny this claim.

Movant objected to the Report's recommendation because, referencing his previous arguments, he contends that he presented evidence showing that his trial and appellate counsel were unreasonably deficient by failing to fully investigate his ACCA contentions to bring a meritorious argument. Doc. 12 at 7. He argues that because "Isofluplane"[1] was removed from the federal controlled substance list in 2015, his prior state drug crime conviction involving "Isofluplane" was no longer a predicate offense. *Id*. He further questions whether drug trafficking even qualifies as a serious offense under the ACCA. *Id*. He asserts that since he, a pro se litigant,

---

[1] Movant uses "Isofluplane" to identify a narcotic; however, the court is unaware of one by this name, and the record does provide any insight to Movant's meaning. The court presumes that Movant refers to the narcotic "isoflurane," which is a general anesthetic used for surgery. Because his arguments fail on grounds not related to the specific drug, the court finds this substance to be a no moment.

**Memorandum Opinion and Order – Page 4**

is able to make these clear arguments, his counsel was unreasonably deficient for failing to do so. *Id*. at 8.

As for Movant's arguments related to the purported removal of "Isofluplane" from the federal controlled substances list, a required showing for ACCA eligibility in Section 924(e)(2)(A)(i), he neglects to address that a drug offense may qualify under Section 924(e)(2)(A)(ii). That specific statutes provides that an offense under state law may qualify. Movant was convicted of a drug offense under Texas law, and therefore this conviction satisfies eligibility under Section 924(e)(2)(A)(ii).

Movant's other argument similarly fails on the text of Section 924(e)(2), which provides that a state drug-trafficking crime is a qualifying offense. As he cannot show that the law supports his arguments, he fails to show that his counsel was unreasonably deficient in not making these arguments. For these reasons, the court **overrules** this objection.

### B.     Involuntary Guilty Plea

Next, Movant argues that his guilty plea was involuntary because he was wrongly informed of the charges against him. The Report concluded, based on the court record, that he knew the charges he was pleading guilty to at that time. Thus, the magistrate judge found that he failed to overcome the presumption of verity given to his sworn statements in open court regarding his guilty plea. He therefore cannot show that his guilty plea was not knowingly and intelligently made. As he has not shown an entitlement to relief on this claim, the Report recommends the court deny it.

In his Objections, Movant argues that the Report did not rely on the record or facts to determine that his plea was not involuntary. Doc. 12 at 12-13. He asserts that he did not knowingly

plead guilty because he did not stipulate to the status requirement "at the time the offense occurred," as required for the ACCA enhancement. *Id*.

The Report, contrary to Movant's assertions, directly references the record by stating that:

[his] factual resume, the Court's questioning at his re-arraignment, and his responses under oath demonstrate that he knew at the time he pled guilty that he was subject to a minimum and maximum period of imprisonment of 15 years to life on each count if he had at least three prior convictions that qualified under ACCA; that he should not depend or rely on any statement by anyone, including counsel, as to some exact sentence he would receive; that the sentencing guidelines were advisory and not binding; and that the Court alone would determine his sentence after consideration of the sentencing guidelines, possible departures from the guidelines and other sentencing factors, a PSR and any objections thereto, and evidence presented at the sentencing hearing.

Doc. 11 at 16. Movant was not required to stipulate to the facts that qualified him for the ACCA enhancement at sentencing. This argument repeats his other arguments related to the ACCA and is without merit.

Next, Movant appears to argue that his guilty plea was improper because it did not satisfy all of the elements of the crime charged, and therefore he is factually innocent of the crime. Doc. 12 at 13. He argues that under *Rehaif v. United States*, 139 S. Ct. 2191 (2019),—which he acknowledges was decided after his conviction—he fails to meet the knowledge of felony status element, and that element was not presented to the grand jury to consider in its indictment. *Id*. He argues that because he did not know that the factual deficiency, his plea was not knowing and voluntary. *Id*.

Movant's arguments regarding his plea fail on logic alone. He cannot claim that his guilty plea was not knowing and voluntary because he was not informed of some new law that was not in existence at the time of his plea. Movant fails to point to any error of law or fact in the Report, and, accordingly, the court **overrules** this objection. As to any *Rehaif* argument regarding his

**Memorandum Opinion and Order – Page 6**

factual innocence of the crime charged, that argument is best addressed as an objection related to his factual innocence claim.

### C.    Factual Innocence

Finally, Movant argues that he is factually innocent of the charged offense, a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). The Report stated that factual innocence is not a stand-alone claim that may be asserted on habeas grounds absent a truly persuasive showing of evidence. The Report found that Movant had not met that high bar because he has not presented any facts or evidence to dispute the admissions he made in his factual resume that accompanied his guilty plea.

Now, Movant objects to the Report's finding that he failed to show factual innocence because, in essence, he argues that because his conviction occurred before the Supreme Court's decision in *Rehaif* required showing a scienter requirement of felon status, his conviction failed to show that essential element. *See Rehaif*, 139 S. Ct. at 2200 (holding that prosecution under Section 922(g) and 924(a)(2) required proving that the defendant knowingly violated each of the material elements of Section 922(g), which are that: (1) he knowingly possess a firearm; (2) the firearm traveled in or affected interstate or foreign commerce; (3) he had previously been convicted of a crime punishable for a term exceeding one year, that is, a felony, at the time of possession; and (4) he knew—that is, he was subjectively aware—that he belonged to the relevant category of persons prohibited from doing so.). Movant was sentenced on September 18, 2018, and timely filed his direct appeal to the Fifth Circuit, who affirmed the district court judgment on September 9, 2019, after *Rehaif* was decided on June 21, 2019. The Supreme Court then denied *certiorari* on March 23, 2020.

**Memorandum Opinion and Order – Page 7**

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted, as addressed above. A new claim can only be considered under Section 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or, that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A movant bears the burden of showing either method of bringing a new claim, whether it be demonstrating cause and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Movant did not raise this a *Rehaif* claim on appeal, and he has not demonstrated cause and prejudice, or actual innocence to excuse the procedural default.

Although Movant's direct appeal was filed before the *Rehaif* decision, he can still demonstrate cause to bring a new appeal when a claim is "so novel that its legal basis is not reasonably available to counsel" when the defendant appeals his conviction. *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The Supreme Court's decision in *Rehaif* recognized a new right for defendants charged with violation of Section 922(g)(1)—a defendant's right to have the Government prove beyond a reasonable doubt that the defendant knew of his felony status at the time of conviction. *United States v. Kelley*, 40 F.4th 250, 253 (5th Cir. 2022). This new right applies retroactively to cases on collateral review filed within one year of the *Rehaif* decision. Thus, a movant may demonstrate cause when filing his first collateral challenge to his Section 922(g)(1) conviction no later than June 21, 2020, one year after the *Rehaif* decision.

A movant's burden does not end there. He must demonstrate actual prejudice by presenting evidence that the intervening change in the law caused him actual prejudice. *Bousley*, 523 U.S. at 622. Specifically when evaluating a *Rehaif* claim, the movant must show that his substantive rights have been affected if there is a reasonable probability that he would not have pled guilty had he known of *Rehaif*. *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020); *see also United*

**Memorandum Opinion and Order – Page 8**

*States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Applied here, Movant must show that he knew he had previously been convicted of a crime punishable for a term exceeding one year, that is, a felony, at the time of possession.

Movant's claim of factual innocence under *Rahaif* fails for three reasons. First, he is procedurally barred from raising a new ground for a collateral attack on his conviction because he failed to raise the *Rehaif* claim in his Motion. As Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that his Motion specify all the grounds for relief available to the moving party, Movant did not do so when he failed to assert a *Rehaif* claim in his Motion, which was filed May 22, 2020. Moreover, the first time he brings this argument is in his Objections to the Report. Thus, he is procedurally barred from raising this as a ground for relief.

He is also time-barred from raising this issue, as he failed to do so within one year of the *Rehaif* decision. He filed his Objections on June 8, 2023, well past the June 21, 2020 deadline to bring a *Rehaif* collateral attack to his conviction. *See Kelley*, 40 F.4th at 251 (citing 28 U.S.C. § 2255(a)).

Finally, even if the court could look past these two fatal procedural defects, Movant has not carried his burden to demonstrate prejudice. He does not contend in his Objections that he did not know that he was a felon at the time of his offense. Further, his criminal history in the Presentencing Report ("PSR") includes multiple felony convictions to which he pleaded guilty and then served more than one year in prison. Movant did not object to the PSR's inclusion of those prior felony convictions. Therefore, he cannot show that but for the lack of a knowledge-of-status element during his plea colloquy, there is a reasonable probability that he would have not pleaded

**Memorandum Opinion and Order – Page 9**

guilty. See *Greer v. United States*, 141 S. Ct. 2090, 2097–98 (2021). Thus, he has not demonstrated prejudice.

As for factual innocence, Movant confuses factual innocence with legal innocence. Factual innocence is a very high bar that he has not met because he fails to allege any "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). As the court addressed, Movant fails argue or to offer any evidence that he did not know he was a felon at the time of his offense, and the court agrees with the Report's conclusion that he fails to show actual innocence in his *Rehaif* claim. *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal.") (internal quotation marks omitted); *see also Herring v. United States*, 2022 WL 865902, *1-2 (N.D. Tex. Mar. 22, 2022) (finding that a *Rehaif* claim raised for the first time on collateral review was procedurally defaulted because the movant did not show cause and prejudice, or that he was actually innocent); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same). Accordingly, the court **overrules** this objection.

### III.     Request for Evidentiary Hearing

Finally, the Report recommends that Movant's Motion be denied without conducting an evidentiary hearing because his Motion failed to present the independent indicia of the likely merit of his allegations required to show entitlement to a hearing. Movant did not object to this finding.

### IV.     Conclusion

Accordingly, having reviewed the Motion, file, record, and Report, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them

as those of the court. The court **denies** the Motion and **dismisses with prejudice** this action for the reasons herein stated.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 17th day of August, 2023.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 11**